# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

               **Plaintiff,**           **CIVIL ACTION NO. 07-14709**

    **VS.**                   **DISTRICT JUDGE ARTHUR J. TARNOW**

**PEGGY WALKER,**             **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:    Defendant's Request for Hearing About The Garnishment And Claim For Exemptions on the writs of continuing garnishment directed to Urban Brands, Inc. and Michigan Department of Treasury (docket no. 18) should be DENIED.

**II.**    **REPORT**:

      **A.**    **Facts and Procedural History**

     Defendant took a student loan in 1980 in the amount of $1,500.00 at an interest rate of 7% per annum. (Docket nos. 1, 21). Defendant defaulted on the loan on November 1, 1981. (Docket nos. 1, 21). On December 17, 2007 this Court entered default judgment against Defendant for the overdue loan, Claim 1999A15032 in the principal amount of $944.55 plus interest in the amount of $939.16 from the date of default through December 17, 2007 plus costs of $350.00 for a total judgment amount of $2,233.71 together with post judgment interest pursuant to 28 U.S.C 1961, as amended by P.L. 97-164, Par 302, effective October 1, 1982. (Docket no. 7). Writs of continuing garnishment were issued to the Michigan Department of Treasury and Urban Brands, Inc. and served on January 25, 2008. (Docket nos. 11-14).

This matter is before the Court on Defendant's Request for Hearing About the Garnishment and Claim for Exemptions filed February 21, 2008. (Docket no. 18.). The Request for Hearing About the Garnishment and Claim for Exemption was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. 636(b)(1)(B).[1] (Docket no. 19). The parties appeared for hearing on April 23, 2008.

With respect to the Writ of Garnishment, Plaintiff states that as of March 3, 2008 the Michigan Dept. of Treasury did not file an answer to the Writ of Garnishment. Urban Brands, Inc. answered that Defendant is a part-time hourly employee and her wages vary depending on hours worked. (Docket no. 21).

Defendant does not dispute the original debt, but argues that she thought the loan was paid back because her income taxes were taken "some years ago". She also claims she made payments on the loan. (Docket no. 18). Defendant produced no documentation supporting her assertion that the loan was repaid or that she made payments. At the hearing Defendant testified that her take-home income is approximately $600-650 per month and she is paid bi-weekly.

Plaintiff claims that as of March 3, 2008 Defendant owed a total of $1,875.20 which includes $944.55 principal and $930.65 interest. (Docket no. 21). Plaintiff in its Response stated that since the assignment of the loan to the Department of Education on August 7, 1993, the Department has received $407.00 in payments from all sources, including Treasury Department offsets. (Docket no. 21).

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

At the hearing Plaintiff's counsel agreed to research Defendant's allegations that she had made prior payments and that the loan was repaid. Plaintiff's counsel confirmed by an April 24, 2008 letter to the Court with a carbon copy to Defendant that Defendant received credit for past student loan payments made on the account at issue. A Michigan Guaranty Agency Statement of Purchased Account dated March 12, 1993 shows all payments made by Defendant from the time of disbursement of the loan in 1980 through the time of assignment to the Department. The payments total $1,076.77, of which $556.59 was paid toward the principal amount of the loan. Defendant's counsel submitted to the Court a Certificate of Indebtedness[2] prepared by the Department of Education on December 16, 1998 showing that the Department of Education had collected a tax offset in the amount of $407.00 which was applied to the amount due and owing on the loan. As of December 11, 1998 the total balance due and owing on the loan was $1,287.67. The loan continued to accrue interest at the rate of 7% per annum until the default judgment was entered on December 17, 2007. The Judgment continued to accrue interest at the rate of 3.2% per annum. *See* T. Pearson letter dated April 24, 2008. The balance on the loan as of April 24, 2008 was $2,254.80. *Id.*

Plaintiff offered Defendant the option to pay $40 per month on the loan and testified to the Court that the government does not usually offer a payment plan lower than $65 per month. Defendant indicated that she wanted to complete financial hardship papers and the Court took the matter under advisement until such time as the hardship papers were complete and Plaintiff reviewed

---

[2]The Certificate of Indebtedness was also filed with the Court as an attachment to Plaintiff's Complaint. (Docket no. 1).

the records in light of Defendant's assertions. Plaintiff reviewed the records as set forth above and maintains its offer that Defendant will pay the sum of $20 per pay period.

## C.    Conclusion

The Court should find that there are no documents supporting Defendant's assertion that the loan was repaid. The records show that the loan remains unpaid and documentation supports the amounts due as set forth herein. Further, the Court should find that no good reason to set aside the default judgment entered against Defendant in this matter. Fed. R. Civ. P. 55(c), 60(b). (Docket no. 7). After consideration of the parties' arguments, pleadings and documents and for the reasons set forth on the record at the hearing in this matter, the Court should deny Defendant's Claims for Exemption on the Writs for Garnishment issued to garnishee Defendant Urban Brands, Inc., order Garnishee Defendant Urban Brands, Inc. to pay to Plaintiff the sum of $20.00 per pay period.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 10, 2008       s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Peggy Walker and Counsel of Record on this date.

Dated: September 10, 2008       s/ Lisa C. Bartlett
                                            Courtroom Deputy